Geaiiam:, Judge,
concurring:
Aside from the other facts of this case there is involved the question whether an alien whose claim accrued over six years before the filing of his petition can sue in this court.
The act of March 3, 1863, R. S. 1069, and Judicial Code, section 156, in defining the jurisdiction of this court, state:
“ Every claim against the United States, cognizable by the Court of Claims, shall be forever barred unless the petition setting forth a statement thereof is filed in the court, or transmitted to it by the Secretary of the Senate or the Clerk of the House of Representatives, as provided by law, within six years after the claim first accrues: Provided, That the claims of married women first accrued during marriage, of persons under the age of twenty-one years first accrued during minority, and of idiots, lunatics, insane persons, and per *270 sons beyond the seas at the time the claim accrued, entitled to the claim, shall not be barred if the petition be filed in the court or transmitted, as aforesaid, within three years after the disability has ceased; but no other disability than those enumerated shall prevent any claim from being barred, nor shall any of the said disabilities operate cumulatively.”
More than five years after the passage of this act, viz, on the 27th of July, 1868, Congress passed the act contained in N. S. 1068, Judicial Code, section 155, which is as follows:
“Aliens who are citizens or subjects of any government which accords to citizens of the United States the right to prosecute claims against such government in its courts shall have the privilege of prosecuting claims against the United States in the Court of Claims, whereof such court, by reason of their subject matter and character, might take jurisdiction.”
This latter act gives aliens, subjects of a government which accords the right to citizens of the United States to prosecute claims against such government, the right to prosecute claims against the United States in this court “ whereof such court * * * might take jurisdiction.”
It is plain by this act that Congress intended simply to enable an alien to sue in this court provided his petition showed jurisdictional facts and did not intend to waive those jurisdictional facts in his favor while leaving them to apply to a citizen of the United States. The act clearly shows that Congress did not consider, and did not intend, that the act of March 8, 1868, had or should have any application to aliens but only to citizens of this country. Had the reverse of this been true the act of July 27, 1868, would have been entirely unnecessary. It simply gave aliens “the privilege of prosecuting claims against the United States” in this court, within its jurisdiction, and as this court did not have jurisdiction where more than six years had elapsed from the date the right to sue accrued, an alien could not prosecute his claim if more than six years had elapsed after his right to sue accrued.
By the act of March 3,1863, swpra, Congress was defining the jurisdiction of this court, and the judicial power granted it can only apply or be intended to apply to those for whom the court was created, namely, the citizens of the United *271 States. It is perfectly plain that Congress did not intend to pass an act by which it conferred upon the whole world the right to sue in this court.
After the passage of the act of March 3, 1863, even a resident alien could not maintain a suit in this court, and it was in recognition of this fact that the special act of July 27, 1868, supra, was passed. So it follows that as an alien could not sue after the passage of the act of March 3, 1863, supra, or before the passage of the act of July 27, 1868, the words “ persons beyond the seas ” in act of 1863 necessarily did not refer to aliens, but only to citizens of the United States. As under the act aliens had no right to sue, there could be no “ disability ” to “ cease.” The persons whose “ disability ” ceased were citizens of the United States. Before the passage of the act of July 27, 1868, even a resident alien who was a “ married woman ” or “ under the age of twenty-one years,” or an “ idiot, lunatic, or insane person ” could not by proving those facts secure the benefit of the exemption from the application of the prescribed jurisdictional period of six years, which exemption was allowed to citizens of the United States. If a resident alien to-day sued on a claim in this court which was ten years past the date of accrued liability and pleaded that he had been a minor for eight years, he would have no standing to maintain his suit even if he had brought himself within the provisions of section 155, supra. The proposition is one of those very plain problems which are so plain that it is difficult to make it plainer.
Williams, Judge, concurs.